# Chappell *v.* The State.

### *Indictment for Trespass after Warning.*

1. *Election; evidence of other offenses.*—In a prosecution for trespass after warning (Code, § 3874), proof of a single entry on the premises, within six months after warning, completes the offense ; and it is error to admit evidence of a subsequent entry, particularly an entry after the commencement of the prosecution.

FROM the County Court of Macon.
Tried before the Hon. W. H. HURT.

J. A. BILBRO, for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The defendant was convicted of trespass after warning.    After having proved that notice not to enter the premises of the prosecutor was given the defendant in September, 1887, and that he entered the premises a month or two thereafter, the prosecution was permitted to prove, against the objection of the defendant, that he entered on the premises a second time in March, 1888.    The prosecution was commenced February 20th, 1888.    The offense declared by the statute consists of an entry on the premises of another, without legal cause or good excuse, after having been warned within six months next preceding.—Code, 1886, § 3874.    One wrongful entry, within six months after warning, completes the offense.    When the warrant or indictment includes but one offense, and the State offers evidence of a trespass, so as to particularize and identify it, an election is made to prosecute for that particular offense, and other distinct acts can not be proved as ground of conviction.    It will be inferred that the warrant refers to the offense of which

[Goldsmith v. The State.]

proof is first offered; and the election is compelled, in order to prevent the defendant being prejudiced by evidence of other offenses for which he is not really indicted, and to avoid a conviction of the offense charged by proof of other and different offenses.—*McCullough v. State*, 63 Ala. 75. In this case, the warrant, of necessity, refers to an offense completed before its issue. Evidence of an offense committed afterwards, as a ground of conviction, is incompetent.

The court not only admitted the evidence of a trespass in March, but charged the jury, substantially, that if the warning was given in September, 1887, and the trespass was committed in March, 1888, and this was within six months after the warning, they must find the defendant guilty. The prosecution having been commenced in February, 1888, the effect of the charge was to instruct the jury that the defendant was guilty as charged, and should be convicted, if he committed a trespass after the commencement of the prosecution. This is manifest error.

Reversed and remanded.